IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUNO NZE, individually,
GIOVANNA SUAREZ, individually,
COLLEEN GIGANTE, individually,
and on behalf of others similarly situated,

    Plaintiffs,

vs.

MOTIVATIONAL COACHES OF AMERICA, INC.,
JULIO AVAEL, individually,
PAUL RENDULIC, individually,
ELISA DE LIMA, individually,
CLAUDEL TRAJAN, individually,
MANNY RIERA, individually,
JOSIL CERDA, individually,
JORGE CUBERO, individually,

    Defendants.

CIVIL ACTION NO. 8:18-cv-00835-JSM-AEP

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, MOTIVATIONAL COACHES OF AMERICA, INC., (the "Defendant" or "MCUSA"), by and through undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in paragraph 2, Defendant is without knowledge and therefore denies each and every allegation in the paragraph.

## PARTIES

3. In response to the allegations contained in paragraph 3, Defendant is without knowledge and therefore denies each and every allegation in the paragraph.

4. In response to the allegations contained in paragraph 4, Defendant is without knowledge and therefore denies each and every allegation in the paragraph.

5. In response to the allegations contained in paragraph 5, Defendant is without knowledge and therefore denies each and every allegation in the paragraph.

6. The allegations contained in Paragraph 6 of the Complaint are not factual assertions for which a response in required. To the extent a response is required, Defendant denies the allegations.

7. In response to the allegations contained in paragraph 7, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

8. In response to the allegations contained in paragraph 9, Defendant denies the allegation in the paragraph and demands strict proof thereof.

9. In response to the allegations contained in paragraph 9, Defendant admits that Julio Avael is an owner and currently the President of MCUSA, but denies the remaining allegations in the paragraph and demand strict proof thereof.

10. In response to the allegations contained in paragraph 10, Defendant admits that Paul Rendulic is currently an officer of MCUSA, but denies the remaining allegations in the paragraph and demand strict proof thereof.

11. In response to the allegations contained in paragraph 11, Defendant admits that Elsa De Lima is currently a Secretary of MCUSA, but denies the remaining allegations in the paragraph and demand strict proof thereof.

12. In response to the allegations contained in paragraph 12, Defendant denies each and every allegation in the paragraph and demand strict proof thereof.

13. In response to the allegations contained in paragraph 13, Defendant denies each and every allegation in the paragraph and demand strict proof thereof.

14. In response to the allegations contained in paragraph 14, Defendant denies each and every allegation in the paragraph and demand strict proof thereof.

15. In response to the allegations contained in paragraph 15, Defendant denies each and every allegation in the paragraph and demand strict proof thereof.

16. The allegations contained in Paragraph 16 of the Complaint are not factual assertions for which a response in required. To the extent a response is required, Defendant denies the allegations.

17. In response to the allegations contained in paragraph 17, Defendant admits that MCUSA has an annual gross volume of business done that is not less than $500,000, but denies the remaining allegations in the paragraph and demands strict proof thereof.

## GENERAL ALLEGATIONS

18. In response to the allegations contained in paragraph 18, Defendant denies each and every allegation in the paragraph and demand strict proof thereof.

19. In response to the allegations contained in paragraph 18, Defendant is without knowledge as to allegation in the paragraph and therefore denies the allegations and demands strict proof thereof.

## FACTUAL ALLEGATIONS

20. In response to the allegations contained in paragraph 20, Defendant is without knowledge as to allegation in the paragraph as phrased and therefore denies the allegations and demands strict proof thereof.

21. In response to the allegations contained in paragraph 21, Defendant is without knowledge as to allegation in the paragraph as phrased and therefore denies the allegations and demands strict proof thereof.

22. In response to the allegations contained in paragraph 22, Defendant admits the allegations in the paragraph.

23. In response to the allegations contained in paragraph 23, Defendant denies each and every allegation in the paragraph and demand strict proof thereof.

24. In response to the allegations contained in paragraph 24, Defendant is without knowledge as to the allegations in the paragraph as phrased, as Plaintiffs failed to define who is the "Motivational Coach" they are referring to, as each vendor has their own contract which would dictate the terms of the relationship, and therefore denies the allegations and demands strict proof thereof.

25. In response to the allegations contained in paragraph 25, Defendant is without knowledge as to the allegations in the paragraph as phrased, as Plaintiffs failed to define who is the "Motivational Coach" they are referring to, as each vendor has their own contract which would dictate the terms of a relationship, if any, and therefore denies the allegations and demands strict proof thereof.

26. In response to the allegations contained in paragraph 26, Defendant is without knowledge as to the allegations in the paragraph as phrased, as Plaintiffs failed to define who is the "Motivational Coach" they are referring to, as each vendor has their own contract which would dictate the terms of a relationship, if any, and therefore denies the allegations and demands strict proof thereof.

27. In response to the allegations contained in paragraph 27, Defendant is without knowledge as to the allegations in the paragraph as phrased, as Plaintiffs failed to define who is

the "Motivational Coach" they are referring to, as each vendor has their own contract which would dictate the terms of the relationship, and therefore denies the allegations and demands strict proof thereof.

28. In response to the allegations contained in paragraph 28, Defendant is without knowledge as to the allegations in the paragraph as phrased, as Plaintiffs failed to define who is the "Motivational Coach" they are referring to, as each vendor has their own contract which would dictate the terms of the relationship, and therefore denies the allegations and demands strict proof thereof.

29. In response to the allegations contained in paragraph 29, Defendant is without knowledge as to the allegations in the paragraph as phrased, as Plaintiffs failed to define who is the "Motivational Coach" they are referring to, as each vendor has their own contract which would dictate the terms of the relationship, and therefore denies the allegations and demands strict proof thereof.

30. In response to the allegations contained in paragraph 30, Defendant is without knowledge as to the allegations in the paragraph as phrased, as Plaintiffs failed to define who is the "Motivational Coach" they are referring to, as each vendor has their own contract which would dictate the terms of the relationship, and therefore denies the allegations and demands strict proof thereof.

*Plaintiff Bruno Nze*

31. In response to the allegations contained in paragraph 31, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

32. In response to the allegations contained in paragraph 32, Defendant denies or is without knowledge as to allegation in the paragraph as phrased and therefore denies the allegations and demands strict proof thereof.

33. In response to the allegations contained in paragraph 33, Defendant is without knowledge as to allegation in the paragraph as phrased and therefore denies the allegations and demands strict proof thereof.

34. In response to the allegations contained in paragraph 34, Defendant is without knowledge as to allegation in the paragraph as phrased and therefore denies the allegations and demands strict proof thereof.

35. In response to the allegations contained in paragraph 35, Defendant is without knowledge as to allegation in the paragraph as phrased and therefore denies the allegations and demands strict proof thereof.

36. In response to the allegations contained in paragraph 36, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

37. In response to the allegations contained in paragraph 37, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

*Plaintiff Giovanna Suarez*

38. In response to the allegations contained in paragraph 38, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

39. In response to the allegations contained in paragraph 39, Defendant denies or is without knowledge as to allegation in the paragraph as phrased and therefore denies the allegations and demands strict proof thereof.

40. In response to the allegations contained in paragraph 40, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

41. In response to the allegations contained in paragraph 41, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

42. In response to the allegations contained in paragraph 42, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

*Plaintiff Colleen Gigante*

43. In response to the allegations contained in paragraph 43, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

44. In response to the allegations contained in paragraph 44, Defendant denies or is without knowledge as to allegation in the paragraph as phrased and therefore denies the allegations and demands strict proof thereof.

45. In response to the allegations contained in paragraph 45, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

## COUNT I
## FAIR LABOR STANDARDS ACT (MINIMUM WAGE)

46. The Defendant re-asserts the responses to Paragraphs 1-45 above.

47. In response to the allegations contained in paragraph 47, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

48. In response to the allegations contained in paragraph 48, Defendant denies each and every allegation in the paragraph and demand strict proof thereof.

In response to the allegations contained in the "WHEREFORE" paragraph following paragraph 48 of the Complaint, Defendant denies each and every allegation in the paragraph, denies any liability for the allegations, denies that Plaintiffs are entitled to the relief they seek therein, and demands strict proof thereof.

## COUNT II
## FAIR LABOR STANDARDS ACT
## (COLLECTIVE ACTION-MINIMUM WAGE)

49. The Defendant re-asserts the responses to Paragraphs 1-45 above.

50. In response to the allegations contained in paragraph 50, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

51. In response to the allegations contained in paragraph 51, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

52. In response to the allegations contained in paragraph 52, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

53. In response to the allegations contained in paragraph 53, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

54. In response to the allegations contained in paragraph 54, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

55. In response to the allegations contained in paragraph 55, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

56. In response to the allegations contained in paragraph 56, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

In response to the allegations contained in the "WHEREFORE" paragraph following paragraph 56 of the Complaint, Defendant denies each and every allegation in the paragraph, denies any liability for the allegations, denies that Plaintiffs are entitled to the relief they seek therein, and demands strict proof thereof.

## COUNT III
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

57. The Defendant re-asserts the responses to Paragraphs 1-45 above.

58. In response to the allegations contained in paragraph 58, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

59. In response to the allegations contained in paragraph 59, Defendant admits that MCUSA has an annual gross volume of business done that is not less than $500,000, but denies the remaining allegations in the paragraph and demands strict proof thereof.

60. In response to the allegations contained in paragraph 60, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

61. In response to the allegations contained in paragraph 61, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

62. The allegations contained in Paragraph 62 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies allegation in the paragraph and demands strict proof thereof.

63. In response to the allegations contained in paragraph 63, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

64. In response to the allegations contained in paragraph 64, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

65. In response to the allegations contained in paragraph 65, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

66. In response to the allegations contained in paragraph 66, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

67. In response to the allegations contained in paragraph 67, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

In response to the allegations contained in the "WHEREFORE" paragraph following paragraph 67 of the Complaint, Defendant denies each and every allegation in the paragraph,

denies any liability for the allegations, denies that Plaintiffs are entitled to the relief they seek therein, and demands strict proof thereof.

## COUNT IV
## FAIR LABOR STANDARDS ACT
## (COLLECTIVE ACTION-UNPAID OVERTIME)

68. The Defendant re-asserts the responses to Paragraphs 1-45 above.

69. In response to the allegations contained in paragraph 69, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

70. In response to the allegations contained in paragraph 70, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

71. In response to the allegations contained in paragraph 71, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

72. In response to the allegations contained in paragraph 72, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

73. In response to the allegations contained in paragraph 73, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

74. In response to the allegations contained in paragraph 74, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

75. In response to the allegations contained in paragraph 75, Defendant denies each and every allegation in the paragraph and demands strict proof thereof.

In response to the allegations contained in the "WHEREFORE" paragraph following paragraph 75 of the Complaint, Defendant denies each and every allegation in the paragraph, denies any liability for the allegations, denies that Plaintiffs are entitled to the relief they seek therein, and demands strict proof thereof.

76. Defendant denies all allegations not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

Defendant states the following Affirmative Defenses to Plaintiffs' Complaint:

1. Plaintiffs' Complaint, in whole or in part, fails to state claim upon which relief can be granted as a matter of law.

2. Plaintiffs' are not covered under the FLSA, as Plaintiffs are independent contractors under a written contract; therefore, Plaintiffs' relationship with Defendant is not subject to the provisions of the FLSA.

3. Without admitting Plaintiffs' are employees covered by FLSA: Plaintiffs' regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiffs, for periods of time during which Plaintiffs performed no work, including because Plaintiffs was on vacation or sick leave, was absent from the workplace, or was otherwise not performing "work" for his employer as defined by the FLSA.

4. Without admitting Plaintiffs are employees covered by FLSA: Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions.  Specifically, to the extent Plaintiffs worked hours that were not appropriately compensated, which Defendant expressly denies, Defendant had no basis to be aware of such uncompensated time due to Plaintiffs' own actions or omissions, including but not limited to concealment of the alleged hours worked, or delinquency in failing to bring such claims to the Defendant's attention.  Plaintiffs failed to exercise reasonable care and therefore should not be permitted to recover any alleged uncompensated overtime which was caused by Plaintiffs' own lack of reporting of their individual work hours, or other false statements, of which the Defendant had no reason to be aware at the time.

5. Without admitting Plaintiffs are employees covered by FLSA: Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions, as Plaintiffs failed to report any alleged

unpaid overtime hours to the Defendant. Plaintiffs had a duty to avoid or mitigate the harm by taking advantage of any preventive or corrective opportunities provided and failed in that duty, resulting in avoidable consequences.

6. Without admitting Plaintiffs are employees covered by FLSA: Plaintiffs and/or some or all of the members of the alleged group of individuals which Plaintiffs purport to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement to which is expressly denied.

7. Plaintiffs cannot satisfy the requirements of a collective action under the FLSA and some or all of the claims asserted in the Complaint are barred because Plaintiffs are not similarly situated to the group of individuals they purport to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiffs purport to represent, the existence of which is denied, are not similarly situated to each other.

8. Without admitting Plaintiffs are employees covered by FLSA: The types of claims alleged by Plaintiffs on behalf of themselves and the group of individuals, which they purport to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

9. Without admitting Plaintiffs are employees covered by FLSA: Any act and/or omissions which may be found to be in violation of the FLSA and/or other applicable law, which Defendant expressly denies, were not willful, occurred in good faith, were based on reasonable factors, and/or were in conformity with relevant laws and regulations.

10. Without admitting Plaintiffs are employees covered by FLSA: Neither Plaintiffs nor members of the alleged group which they purports to represent, the existence of which is expressly denied, may recover some or all of the relief requested in the Complaint because even if Defendant were Plaintiff's employer (which is expressly denied), Defendant did not commit

any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiffs or any alleged group member, and at all times acted in good faith and with reasonable grounds for believing it had complied with FLSA, and Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

11. Without admitting Plaintiffs are employees covered by FLSA: All or part of the time for which Plaintiffs seek compensation for alleged unpaid hours worked does not constitute compensable time for purposes of the FLSA.

12. Without admitting Plaintiffs are employees covered by FLSA: All or part of the time for which Plaintiffs seek compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. 254.

13. Without admitting Plaintiffs are employees covered by FLSA: Neither Plaintiffs nor any member of the group of persons Plaintiffs purport to represent, the existence of which is expressly denied, are entitled to some or all of the relief requested in the Compliant because, even if Defendant was their employer (which is expressly denied), and any unlawful practice(s) occurred (which Defendant denies), such practice(s) was/were not committed, countenanced, ratified or approved by Defendant.

14. Defendant reserves the right to plead, assert and rely on all proper affirmative defenses available, including those which may be disclosed or discovered through further assertions by Plaintiffs or persons Plaintiffs purport to represent or otherwise through discovery.

WHEREFORE, Defendant, MOTIVATIONAL COACHES OF AMERICA, INC., respectfully requests as follows:

    a. That judgment be entered in favor of Defendant and against Plaintiffs, and that Plaintiffs' Complaint herein be dismissed with prejudice;

    b. That Defendant be awarded its costs and disbursements of suit herein;

    c. That Defendant be awarded reasonable attorney's fees as may be determined by the Court; and

    d. That this Court grant any other and further relief as it may deem just, necessary and proper.

Respectfully submitted,

**Joseph Ruiz, Esq.**
Florida Bar No.: 0065732
*Counsel for Defendant*
500 S. Dixie Hwy, Ste. 302
Coral Gables, Florida
Main:  305.503.2990
Fax:    305.774.5908
Email: joseph.ruiz@zumpanocastro.com
Email: nikki.marrero@zumapnocastro.com

By: */s/Joseph Ruiz, Esq.*
    JOSEPH RUIZ, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17TH day of May, 2018, I electronically filed Defendant's Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system and e-mail to the individuals listed on the service list below.

By: */s/Joseph Ruiz*
    JOSEPH RUIZ, ESQ.

## SERVICE LIST
8:18-cv-00835-JSM-AEP

**Wolfgang M. Florin, Esq.**
**Scott L. Terry, Esq**
*Attorney for Plaintiffs*
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Tel: 727-254-5255
Email: wolfgang@fgbolaw.com
Email: scott@fgbolaw.com