UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRUNO NZE, individually,**
**GIOVANNA SUAREZ, individually,**
**COLLEEN GIGANTE, individually,**
**and on behalf of others similarly situated,**

    **Plaintiffs,**

v.                                            Case No.:  8:18-cv-00835-T-30AEP

**MOTIVATIONAL COACHES**
**OF AMERICA, INC.;**
**WENTWORTH HAMPSHIRE, INC;**
**JULIO AVAEL, individually;**
**PAUL RENDULIC, individually;**
**ELSA DE LIMA, individually;**
**CLAUDEL TRAJAN, individually;**
**MANNY RIERA, individually;**
**JOSIL CERDA, individually;**
**JORGE CUBERO, individually; and**
**FRANCES ALLEGRA, individually;**

    **Defendants.**
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND TO DISMISS THE COMPLAINT WITH PREJUDICE**

The Parties, Representative Plaintiffs Bruno Nze, Giovanna Suarez, and Colleen Gigante, individually and on behalf of other similarly situated, and Defendants Motivational Coaches of America, Inc.; Wentworth Hampshire, Inc.; Julio Avael; Paul Rendulic; Elsa De Lima; Claudel Trajan; Manny Riera; Josil Cerda; Jorge Cubero; and Frances Allegra, hereby file this Joint Motion for Approval of Settlement and to Dismiss the Complaint with Prejudice and state as follows.

    1.    Plaintiffs, who worked as Motivational Coaches for Defendant Motivational Coaches of America, Inc.,  have asserted claims under the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.*, ("FLSA") and under 26 U.S.C. § 7434.  Plaintiffs allege, among other things, that they were misclassified as independent contractors and denied both the statutory minimum wages as well as time and one-half her regular rate of pay for all hours worked over 40 in a work week.  Resolution of the case required analysis of the facts surrounding Plaintiffs' engagements with Defendants, Defendants' processes and procedures, the issue of willfulness, and whether Defendants acted in good-faith.

2.	Without admitting fault or liability, during the mediation, conducted by experienced employment law attorney Marlene Quintana of the law firm Gray Robinson, the Parties amicably resolved all disputed claims in this matter (including attorneys' fees and costs).  For a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the U.S. Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor,* 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona dispute over FLSA provision.")  *See also Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009).

3.	**Fairness Of Terms Of Settlement:**  A bona fide dispute exists between the Plaintiffs and Defendants in this case regarding the application of the FLSA with respect to several issues, most notably: (1) whether Defendants misclassified Plaintiffs as independent contractors rather than employees; (2) whether Defendant failed to pay Plaintiffs the statutory minimum wage; (3) whether Plaintiffs worked in excess of forty hours per week (and if so,

how much and how often); (4) whether a two or three year statute of limitations applied; and (5) whether liquidated damages are recoverable.  But to avoid the risks and costs associated with further litigation (which are significant for both sides relative to the amount in controversy), the Parties have agreed to resolve this dispute by executing a confidential settlement agreement ("Settlement Agreement").  The Settlement Agreement resolves all disputed claims between the Parties in this lawsuit, including all claims for attorneys' fees and costs.  On August 14, 2018, Plaintiffs' counsel notified all 20 of the Opt-In Plaintiffs of the settlement terms and their individual recovery thereunder (along with details regarding how that recovery was calculated).  The vast majority of the Opt-In Plaintiffs have responded positively, and none has stated any formal objection to their recovery or to the terms of the settlement.  The Parties request that, after conducting an in camera review, the Court approve the Settlement Agreement as fair and reasonable in this case given the nature of the dispute, the legal issues involved and the risks and costs associated with further litigation.

4. **Fairness of Representative Service Payments:** Courts may award service payments to named representatives in FLSA collective actions.  *Heath v. Hard Rock Café Intern., Inc.*, 2011 WL 5877506 (M.D. Fla.).  These awards serve primarily (1) to compensate representative plaintiffs for the time and effort spent on behalf of all plaintiffs, and (2) to recognize that identifying yourself as representative plaintiff in a lawsuit carries financial and reputational risk for those personally named.  *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (S.D.N.Y. 2005).  This is especially true in wage-and-hour actions where employers will likely discover that an employee or potential employee has sued a past employer, resulting in fewer job opportunities and other potential adverse actions.  *Syed v. M-I, L.L.C.*, 2017 WL 714367 (E.D. Cal.).

Here, the three representative plaintiffs—Bruno Nze, Giovanna Suarez, and Colleen Gigante—all made substantial efforts to bring about this result and earned incentive payments under the special circumstances of this case.  Before the litigation even began, the Representative Plaintiffs served the group by reaching out to several different law firms after a handful declined to take the case.  After overcoming the challenge of securing adequate counsel, the Representative Plaintiffs then reached out and secured a number of additional plaintiffs willing to opt-in to the case.  Throughout the litigation, the Representative Plaintiffs were in frequent contact with counsel, strategizing on how best to protect each plaintiffs' interest, and making difficult decisions on how to prosecute the lawsuit.  The parties mediated the case on July 25, 2018, and this was an especially grueling and stressful day for the Representative Plaintiffs (all of whom missed paid time at work).  The mediation conference lasted over 12 hours.  With travel time—the mediation took place in Miami—it was over a 20-hour day for two of the representative plaintiffs that travelled from Tampa.  They worked diligently under these challenging conditions and significant stress, negotiating the best deal for the plaintiffs, and devised a reasonable and fair method to split the settlement fund.  After mediation they continued to work on behalf of the group to negotiate a just resolution, even ensuring that the scope of the Opt-In Plaintiffs' specific release is more narrow than the general release signed by the representative plaintiffs.  Additionally, the representative plaintiffs have agreed to provisions like confidentiality and non-disparagement that do not apply to all of the Opt-In Plaintiffs.

Despite these extraordinary efforts on behalf of all plaintiffs, the Representative Plaintiffs have allotted themselves a small representative service award.  Even adding the service award to their allotted portion of the overall recovery, some of the Representative

Plaintiffs are recovering *less* than some of the Opt-In Plaintiffs.  Additionally, the amount of the service award has been disclosed to all of the Opt-In Plaintiffs, and none has objected.  Indeed, many have expressed their gratitude to the Representative Plaintiffs for their efforts to bring about this resolution.  Accordingly, the parties request that after the Court's in camera review of the Settlement Agreement, that it deem the service awards to the Representative Plaintiffs reasonable under the special circumstances of this case.

     5.    **Reasonableness Of Attorneys' Fees And Costs:** A settlement value was reached in this case, which included and encompassed all claims and attorneys' fees and costs. Plaintiffs' attorneys represent that they incurred in excess of the amount allocated as attorneys' fees and costs set forth in the Settlement Agreement, based on their standard hourly rates.  Additionally, Plaintiffs' attorneys have agreed to accept as fees and costs an amount less than the fee originally negotiated with the Plaintiffs, and less than their standard hourly rate.  The negotiated fee also includes the significant time that will be necessary for counsel to administer the payment terms set out in the Settlement Agreement.  The settlement was reached following a nearly thirteen-hour mediation with Ms. Quintana (and substantial subsequent negotiation).  As Plaintiffs and Defendants find the overall settlement acceptable, they do not want to prolong this litigation by litigating the amount of attorneys' fees.

     Plaintiffs' counsel submits that the amount of the settlement proceeds that Plaintiffs are to receive under the terms of the Settlement Agreement will not be applied to their litigation costs or attorneys' fees, and that the attorneys' fees and costs were agreed upon separately and without regard to the amount of the Plaintiffs' recovery.  Plaintiffs' counsel respectfully requests that the Court approve the attorneys' fees and costs allocated and set forth in the Settlement Agreement.

**WHEREFORE,** for the above and foregoing reasons, the Parties respectfully request that the Court, after an in camera review, approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute under the FLSA, dismiss this case as to Plaintiffs with prejudice, with each party to bear its own attorneys' fees and costs (to the extent not agreed otherwise), and to retain jurisdiction to enforce the terms of the Settlement Agreement at issues.

Dated this 23rd day of August, 2018.

Respectfully submitted,

| By   s/ Wolfgang Florin | By   s/ Joseph Ruiz |
|---|---|
| **Wolfgang M. Florin, Esq.** | **Joseph Ruiz, Esq.** |
| Florida Bar No.: 907804 | Florida Bar No.: 0065732 |
| wolfgang@fgbolaw.com | joseph.ruiz@zumpanocastro.com |
| daniela@fgbolaw.com | nikki.marrero@zumpanocastro.com |
| **Scott L. Terry, Esq.** | 500 S. Dixie Highway |
| Florida Bar No.: 77105 | Suite 302 |
| scott@fgbolaw.com | Coral Gables, Florida 33146 |
| 16524 Pointe Village Drive, Suite 100 | (305) 503-2990 |
| Lutz, Florida 33558 | (305) 774-5908 |
| (727) 254-5255 | *Attorney for Defendants* |
| (727) 483-7942 (fax) | |
| *Attorneys for Plaintiff* | |